IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.              CRIMINAL ACTION NO. 2:09-cr-124

HENRY GRAY,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

  On November 2, 2014, the United States Sentencing Guidelines (U.S.S.G.) were amended to reduce the guidelines in Section 2D1.1 by two levels for most drug offenses. (U.S.S.G. Amendment 782, Appx. C). Section 1B1.10 gives retroactive effect to these reductions and sets an effective date of November 1, 2015, for retroactively reduced sentences. On April 21, 2015, the Court entered an *Order* (Document 45) appointing the Federal Public Defender to represent the Defendant and directing the parties to respond with their positions with respect to application of Amendment 782 to the Defendant's case.

  The Court has received and considered the original Presentence Investigation Report (PSR), original Judgment and Commitment Order and Statement of Reasons, plea agreement, and the addendum to the PSR from the Probation Officer. In addition, the Court has reviewed the responses from the United States (Document 47) and the Defendant (Document 48), submitted pursuant to the Court's *Order*. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

Mr. Gray pleaded guilty to distribution of a quantity of cocaine base, aka "crack," in violation of 21 U.S.C. § 841(a)(1), on July 8, 2009. The PSR attributed to him three hundred sixty-seven point nine-one (367.91) grams of cocaine base, which at the time corresponded to a base offense level of thirty-two (32). He received a three-level reduction for acceptance of responsibility, resulting in a total offense level of twenty-nine (29). He was in criminal history category II. His original guideline range was 97 to 121 months. On September 21, 2009, the Court imposed a sentence of ninety-seven (97) months of imprisonment.[1] Under the amended United States Sentencing Guidelines, Mr. Gray's total offense level is 27. The revised Guideline imprisonment range is 78 to 97 months. He is, therefore, eligible for a sentencing reduction.

While incarcerated, Mr. Gray earned his GED and completed the 40-hour drug education program as well as the Inmate Financial Responsibility Program. He received one sanction for possession of a cellular telephone while incarcerated.

In its response, the United States "has no objections to the recalculated range of imprisonment under the United States Sentencing Guidelines," and "agrees with the Probation Office's recommendation" that Mr. Gray's sentence be reduced to make him eligible for release from custody on November 1, 2015. (Document 47 at 1, 2.)

Having considered Mr. Gray's original and amended guideline ranges, the original sentencing materials, the addendum to the PSR, and the parties' responses, the Court **ORDERS** that Mr. Gray's base offense level be reduced by two levels, to 30. After consideration of a three-level decrease for acceptance of responsibility, Mr. Gray's new total offense level is **27**. Given his criminal history category of **II**, a revised guideline range of **78 to 97 months** of imprisonment is established. The Court further **ORDERS** that Mr. Gray's sentence be reduced to

---

[1] The Court applied a 20 to 1 cocaine base to cocaine ration at his sentencing. (*See* Document 42 at 2.)

a term of eighty-five (85) months. Finally, in accordance with U.S.S.G. § 1B1.10(e)(1), the Court **ORDERS** that Mr. Gray's release date be no earlier than November 1, 2015.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: July 2, 2015

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA